**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| YORYET MARIA LOZANO MOSQUERA, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, ADELANTO ICE PROCESSING CENTER, et al, <br><br> Respondents. | No. 5:26-cv-01724-SSS-BFM <br><br> **ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records and files herein, the Magistrate Judge's Report and Recommendation, and the objections to the Report and Recommendation.

Petitioner challenges the adequacy of her immigration detention hearing, after which an Immigration Judge ("IJ") denied Petitioner's request for bond upon finding Petitioner to be a flight risk. [Dkt. 1 at 6]. The Report and Recommendation ("Report") recommends the denial of the Petition and the dismissal of this action. [Dkt. 16]. Petitioner's amended, superseding objections to the Report do not merit a different result.

Petitioner objects that her counsel at the hearing waived Petitioner's routine appearance but did not waive Petitioner's participation in allegations that arose only after the waiver was given. [Dkt. 23 at 3-9]. The Court agrees

with the Report that Petitioner's counsel waived Petitioner's physical presence and interpretation services. [Dkt. 16 at 5]. Petitioner's objection that the waiver was only partial is not supported by the record, which shows that Petitioner's counsel waived Petitioner's physical presence and interpretation services "for the purposes of this hearing." *Id.* Although Petitioner argues that she did not have an opportunity to challenge the IJ's finding that Petitioner had violated the conditions of her prior release twelve times (Dkt. 23 at 7), it is undisputed that Petitioner's counsel was authorized to speak for Petitioner for the purposes of the hearing. Thus, the Court agrees with the Report that Petitioner was "bound by her lawyer's representations." [Dkt. 16 at 6]. "It is a longstanding principle that in 'our system of representative litigation . . . each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.'" *Garcia v. I.N.S.*, 222 F.3d 1208, 1209 (9th Cir. 2000) (*per curiam*) (quoting *Link v. Wabash R.R.*, 370 U.S 626, 634 (1962) (additional citation and quotation marks omitted)).

Petitioner objects that Section D of the Report states the correct standard for the IJ's flight risk determination, but that the record shows a failure to proof. [Dkt. 23 at 9-16]. In Section D, the Report found that the IJ did not abuse its discretion in making the flight risk determination, based on the unlikelihood that Petitioner would obtain asylum relief and Petitioner's twelve violations of the conditions of the Intensive Supervision Appearance Program ("ISAP"). [Dkt. 16 at 8]. Petitioner objects that the likelihood of asylum relief and the nature of the ISAP violations were unclear, thus requiring speculation by the IJ. [Dkt. 23 at 11-13]. The Court disagrees that the IJ's findings were speculative. Because the IJ's findings had an evidentiary basis, Petitioner's objection amounts to a request to reassess the evidence, which the Court has no authority to do. *See Gatica v. Cruz*, 2026 WL

2

1459800, at *2 (E.D. Cal. May 25, 2026) (rejecting argument that the Government's failure to explain the nature of Petitioner's ISAP violations and the IJ's mischaracterization of Petitioner's eligibility for asylum undermined the IJ's flight risk assessment).

Petitioner objects that the Report's discussion of Ground Two of the Petition misses the core of this Court's order from February 17, 2026. [Dkt. 23 at 16-18]. In Ground Two of the Petition, Petitioner claimed that her bond hearing did not comply with the Court's order. [Dkt. 1 at 6]. In the order, issued on February 17, 2026, in Case No. 2:26-cv-01318-SSS-BFM, the Court granted Petitioner a temporary restraining order enjoining Respondents from detaining Petitioner "unless she [was] provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days." [Dkt. 16 at 2]. Petitioner argues that the bond hearing she received was not "individualized" because the IJ "used category-wide asylum concerns as flight-risk evidence." [Dkt. 23 at 17]. But the IJ did not rely on a generalized reason, but instead relied on the likelihood that Petitioner's specific asylum claim would be unsuccessful, which would increase the likelihood of her absconding. [Dkt. 16 at 8]. Moreover, the IJ did not rely on this reason alone. The IJ also "considered that [Petitioner] had twelve separate violations of her conditions of prior release, including being absent during home visits, which the IJ interpreted as disregarding officials' orders." [Dkt. 16 at 8]. Thus, the Court agrees with the Report that there was nothing "to suggest that the hearing was a sham or not undertaken in good faith compliance with [the Court's] prior order." *Id.* at 9.

The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1.    The Report and Recommendation is accepted;

2.    The Petition is denied;

3

3.    Judgment shall be entered consistent with this Order; and

4.    The Court Clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED:  June 18, 2026

_____
HONORABLE SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE

4